UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
OCT 31 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-554-GWU

PHYLLIS RHODES, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Phyllis Rhodes brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Rhodes, a 49 year-old former sewing machine operator with a "limited" education, suffered from impairments related to chronic low back pain due to degenerative disc disease (being status post lumbar fusion and laminectomy), depression due to bereavement, a generalized anxiety disorder and osteoporosis. (Tr. 15-16). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 24). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

5

The hypothetical question presented to Vocational Expert Linda Sparrow included an exertional limitation to light level work, along with such non-exertional restrictions as (1) an inability ever to operate foot pedal controls or climb ladders, ropes, or scaffolds; (2) an inability to more than occasionally stoop, crouch, crawl or climb ramps and stairs; (3) a need to avoid concentrated exposure to vibration; (4) a limitation to entry level work with simple one-two-three step procedures; (5) an inability to perform work requiring frequent work routine changes, problem solving, independent planning or setting goals; and (6) an inability to more than occasionally interact with the general public, supervisors, or co-workers. (Tr. 330). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 331). Therefore, assuming that the vocational factors considered by Sparrow fairly characterized Rhodes' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. William Brooks, a treating source, found no reason why Rhodes could not continue to work. (Tr. 165). The question included all of the physical restrictions identified by Dr. Parandhamulu Saranga (Tr. 205-215) and Dr. Sudideb Mukherjee (Tr. 254-262), the non-examining medical reviewers. More severe physical restrictions than those presented to the vocational expert were not identified by such treating and examining sources as the staff at Jellico Hospital (Tr. 149-151, 180-181), Dr. G. Anderson (Tr. 156), the staff at Baptist Regional Medical Center (Tr. 157-162), Dr. Manoochehr Mazloomdoost (Tr. 175-176, 182-191, 264-265), the staff at Appalachian Regional Healthcare (Tr. 281-283), and Dr. Mark Einbecker (Tr. 284-288). These reports provide substantial evidence to support the

6

administrative decision.

Dr. David Jackson of Cardinal Hill Rehabilitation Hospital saw Rhodes on one occasion and identified the existence of more severe physical restrictions than those presented in the hypothetical question. (Tr. 167-168). The claimant asserts that the ALJ erred in failing to cite the specific reasons why Dr. Jackson's opinion was rejected. However, the ALJ did note that the doctor's limitations were inconsistent with his modest examination findings as well as other evidence of record. (Tr. 19).

The plaintiff also argues that the ALJ should not have relied upon the restrictions identified by the non-examining medical reviewers in preference to those of the examining source Dr. Jackson. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Dr. Saranga stated that Dr. Jackson's opinion was not entitled to full weight because his physical examination had shown no motor loss and the physician also cited the normal EMG/NCV studies obtained by Dr. Brooks, the treating physician, who had stated that he saw no reason why the patient could not continue to work. (Tr. 214-215). Thus, under these circumstances, reliance upon the medical reviewers was appropriate.

Rhodes asserts that the ALJ erred in failing to include a finding that carpal tunnel syndrome was a "severe" impairment and should have included in the hypothetical question restrictions relating to grasping, reaching, pinching, fingering, and feeling with the hands which would be associated with such a condition. However, no physician of record identified the existence of such limitations. As noted by the defendant, the mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v.

7

Bowen, 880 F.2d 860, 863 (6th Cir. 1988). The Court has already found that the hypothetical question fairly depicted the plaintiff's physical condition. Therefore, any error would appear harmless.

Rhodes also argues that the ALJ erred in failing to find that lumbar strain, sacroiliac inflammation, and muscle spasm were "severe" impairments. However, the plaintiff has failed to demonstrate that these conditions would impose more severe physical function restrictions than those found by the ALJ. Therefore, once again, any error would be harmless.

The ALJ also dealt properly with the evidence of record relating to Rhodes' mental status. The mental factors of the hypothetical question were essentially consistent with the limitations indicated by Dr. Kevin Eggerman, an examining consultant. Dr. Eggerman reported (1) "mild" limitations of ability to make work-related judgments, respond appropriately to changes in work routine, and interact with the general public, co-workers and supervisors; (2) "mild to moderate" limitations of ability to handle detailed instructions; and (3) a "moderate" limitation of ability to respond to work pressures. (Tr. 174). Specific mental limitations were not identified by the staff at the Cumberland River Comprehensive Care Center, where the plaintiff sought treatment. (Tr. 177-179, 269-280). The claimant's Global Assessment of Functioning (GAF) was rated at 65. (Tr. 178). Such a GAF suggests the existence of only "mild" psychological symptoms compatible with the ALJ's findings according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). These reports provide substantial evidence to support the administrative decision.

More severe mental limitations were reported by Psychologist Lee Whitaker, a treating source. (Tr. 137-139). However, Dr. Whitaker did not see

8

Rhodes after September of 2002, which was well <u>before</u> her alleged onset date of February 7, 2004. (Tr. 53). Thus, these restrictions would not appear to relate to the pertinent time period and the ALJ could properly rely upon the opinion of Dr. Eggerman, who saw the claimant in May of 2004, during the relevant time frame.

More severe mental restrictions than those found by the ALJ were also reported by psychologists Jay Athy (Tr. 231-232), and Laura Cutler (Tr. 249-250), the non-examining medical reviewers. The administrative regulations provide that "generally we give more weight to the opinion of a source who has examined you than to the opinion of who has not examined you." 20 C.F.R. Section 404.1527(d)(1). Thus, the ALJ could properly rely upon Dr. Eggerman, the examiner in preference to the medical reviewers.

Finally, Rhodes argues that the ALJ erred in rejecting the mental limitations cited by Dr. Lamb, allegedly a treating source. However, the plaintiff failed to cite to the record concerning this doctor and the undersigned's own review failed to find any information from such a source. Therefore, the undersigned rejects the claimant's argument.

The Court concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___31___ day of October, 2006.

G. WIX UNTHANK
SENIOR JUDGE